UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                        Case No. 16-20414

MARCUS GILBERT,                         HON. AVERN COHN

    Defendant/Petitioner.
_____/

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
## AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

I. Introduction

This is a criminal case. Defendant/Petitioner Marcus Gilbert (Gilbert) plead guilty under a Rule 11 agreement to conspiracy to distribute and possess with intent controlled substances, in violation of 21 U.S.C. §§ 846, 841. As will be explained, the parties stipulated to a 103-month sentence in the plea agreement. The Court sentenced Gilbert in accordance with the plea agreement.

Before the Court is Gilbert's motion under 28 U.S.C. § 2255 in which he says his trial counsel was ineffective. For the reasons that follow, the motion will be denied for lack of merit.[1]

---

[1] A prisoner who files a motion under § 2255 challenging a federal conviction is generally entitled to "a prompt hearing," at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. However, a court may deny a motion under section 2255 "without conducting an evidentiary hearing [where] 'the motion and the files and records of the case conclusively show that [the petitioner] is entitled to no relief.' " Cole v. United States, No. 17-6061, 2018 WL 4372199, at *2 (6th Cir. Mar. 30, 2018) (quoting 28 U.S.C. § 2255(b) ). Because the record shows that Gilbert is not entitled to relief, a hearing is not

II. Background

In the Rule 11 agreement, Gilbert agreed that "[b]etween the distributions personally conducted by the defendant and the distributions conducted by coconspirators during his involvement in the conspiracy, which were reasonably foreseeable to him, the drug amount involved in the conspiracy was more than 1 kilogram of heroin and more than 280 grams of crack cocaine." Although the plea agreement calculated Gilbert's guideline range of 87 to 108 months, the parties agreed under Fed. R. Crim. P. 11(c)(1)(C),[2] "that the specific sentence of imprisonment of 103 months is appropriate."

At an initial plea hearing on March 19, 2018, the Court asked Gilbert if he understood that his sentence would be 103 months. Gilbert hesitated. His counsel, confirmed that he had gone over the plea agreement line by line with Gilbert but noted that there seemed to be a misunderstanding. The parties then requested an adjournment so that Gilbert could "consider this and discuss it now that he understands exactly what the plea agreement calls for."

On March 22, 2018, the parties came before the Court at a second plea hearing. This time, Gilbert plainly understood the 103-month provision. The record reflects the following,

> Gilbert's counsel: There's a mandatory minimum in the superseding information. The mandatory minimum is five years. However, pursuant to the plea agreement,

---

necessary.

[2]Under Rule 11(c)(1)(C), "[t]he court may only accept or reject the agreement, and if it chooses to accept it, at sentencing the court may only impose the term of imprisonment the agreement calls for; the court may not change its terms." Freeman v. United States, 564 U.S. 522, 535 (2011).

the parties are generally recommending, and in order for the Court to sentence under the plea agreement, it would have to be 103 months.

The Court: I know, okay. [to Gilbert] You know that, notwithstanding the guidelines and the sentencing range, you and the government have agreed that the sentence should be 103 months?

Gilbert: Yes, Your Honor.

(ECF No. 551, plea transcript, at p. 7-8).

The parties were again before the Court on August 30, 2018. During this hearing, the Court expressed a belief that it should not have accepted the agreement with the binding 103-month provision because it removed any discretion the Court may have had in sentencing. After some back and forth about whether the Court could proceed with sentencing, Gilbert confirmed, through counsel, that he did not want to withdraw his plea. The Court, however, adjourned the hearing for two weeks.

At sentencing on September 13, 2018, the Court acknowledged that it was bound by its acceptance of the binding 103-month sentence agreement. Gilbert's counsel similarly agreed that any other sentence "would be an illegal sentence." Gilbert himself acknowledged that "the 103" was "the mandatory minimum." The Court sentenced Gilbert to 103 months. Gilbert did not appeal.

### III. Legal Standards

28 U.S.C. § 2255 provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).

As "[§] 2255 is not a substitute for a direct appeal," Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit collateral relief, Frady, 456 U.S. at 166. Though non-constitutional errors are generally outside the scope of § 2255 relief, see United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000), a petitioner can prevail on a § 2255 motion alleging non-constitutional error "by establish[ing] a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process,' " Watson, 165 F.3d at 488 (internal quotation marks omitted) (quoting United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)). Accordingly, alleged sentencing errors, including the proper application of the guidelines, "does not warrant collateral relief under § 2255 absent a complete miscarriage of justice." Jones, 178 F.3d at 796.

Gilbert has raised allegations of ineffective assistance of counsel which may be raised for the first time in a § 2255 motion. Massaro v. United States, 538 U.S. 500, 508–09 (2003). To establish ineffective assistance of counsel under the Sixth

Amendment, Gilbert must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Gilbert must first show that his counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. A court must afford defense attorneys "wide latitude" and, in analyzing their conduct under the Sixth Amendment, must make "every effort" to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Defense counsel are entitled to a "strong presumption" that they made "all significant decisions in the exercise of reasonable professional judgment." Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011).

If Gilbert succeeds in proving deficient performance, he must next show that the deficient performance was prejudicial. Prejudice requires more than "some conceivable effect on the outcome of the proceeding," Gilbert must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94.

Finally, It is well established that "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." Dupont v. United States, 76 F.3d 108, 110-11 (6th Cir. 1996).

IV. Analysis

A.

Gilbert first says that counsel was ineffective because he did not tell him the plea he was taking required the Court to give him a 103-month sentence. The record belies

5

this assertion. As noted above, his initial plea hearing was adjourned because he claimed exactly this misunderstanding. The plea hearing was completed days later at which Gilbert clearly indicated he understood the 103-month requirement. Gilbert's purported confusion at his September 13 sentencing hearing is irrelevant. The record clearly demonstrates that on March 22, 2018, when he entered his plea, everyone – the government, the Court, and Gilbert himself – understood that the agreement contained this specific sentence provision. Counsel was not deficient but rather took great care to ensure that Gilbert understood his agreed upon sentence.

As to prejudice, Gilbert does not allege that he would have insisted on going to trial rather than accept a 103-month sentence. The evidence against Gilbert as laid out in the pre-sentence report shows that he participated in a wide scale drug conspiracy and was facing the possibility of a twenty-year mandatory minimum. He faced a potential of 25 years. Indeed, his codefendants who went to trial were convicted on all of the most serious counts; one was just sentenced to 25 years, and the other is facing a guidelines range of life.

While Gilbert now says he was prejudiced because he was denied an 87-month sentence, this assertion lacks merit. Gilbert was never entitled to an 87-month sentence. The plea agreement removed that possibility by calling for a 103-month sentence. Gilbert therefore cannot show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." See Strickland, 466 U.S. at 694.

In sum, Gilbert has not established that his counsel was deficient regarding the imposition of the 103-month sentence nor has he shown any prejudice from counsel's

6

actions. He is therefore not entitled to relief on this basis.

B.

Gilbert also suggests that counsel was ineffective for failing to challenge the drug quantity. Gilbert says his counsel should have advised him that he could only be held accountable for the 0.3 grams of heroin he was on tape distributing. Instead, he says that counsel indicated he could be responsible for drugs distributed by co-conspirators and this led him to accept a plea agreement that resulted in a sentence higher than he would otherwise have received.

Gilbert's assertion lacks merit. It is well-established that a defendant can be held responsible even for quantities of which he was unaware. See Sixth Circuit Pattern Jury Instruction 14.07A ("In determining the quantity of the controlled substance involved in the offense, you need not find that the defendant knew the quantity involved in the offense."); United States v. Gunter, 551 F.3d 472, 484-85 (6th Cir. 2009) ("[I]ntent is irrelevant to the penalty provisions of § 841(b), which require only that the specified drug types and quantities be 'involved' in an offense."). The Sixth Circuit has made clear that "a defendant may be sentenced based upon quantities of drugs attributable to other members of a conspiracy, provided the district court finds that those quantities were known to the defendant or were reasonably foreseeable to him." United States v. Jennings, 83 F.3d 145, 150 (6th Cir. 1996) (quoting United States v. Moss, 9 F.3d 543, 552 (6th Cir. 1993)). Here, Gilbert admitted in his plea that the quantity was reasonably foreseeable to him. Counsel was not deficient for giving Gilbert accurate advice.

Even if quantity was an issue, Gilbert can not show prejudice. His sentence was not based on the guidelines. Rather, his sentence was controlled by the parties'

agreement to 103 months. Gilbert's guidelines, including the quantity of drugs attributable to him, were essentially irrelevant. Gilbert is not entitled to relief on this ground.

V. Conclusion

In sum, Gilbert has failed to show that any of counsel's actions or inactions amounted to deficient performance or that he suffered prejudice as a result. To the contrary, Gilbert agreed to a sentence that which was within the guidelines and represented a good outcome for him under the circumstances. For the reasons stated above, Gilbert's motion under § 2255 is DENIED. Further, jurists of reason would not find the Court's ruling debatable. Accordingly, the Court DENIES a certificate of appealability under 28 U.S.C. § 2253(c)(1)(a).[3] See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

SO ORDERED.

Dated: 12/2/2019
      Detroit, Michigan

S/AVERN COHN
UNITED STATES DISTRICT JUDGE

---

[3]"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.