UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case Number 16-20414

v.                                               Honorable David M. Lawson

MARCUS GILBERT,

        Defendant.
_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE

Defendant Marcus Gilbert has filed a motion asking the Court to reduce his sentence under the authority of the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. Gilbert has served approximately 36 months of a 103-month sentence imposed by the Honorable Avern Cohn for conspiracy to distribute heroin and cocaine base. He argues that a sentence reduction is justified by several personal circumstances, namely (1) the serious injuries (predating the conviction and incarceration) which the defendant suffered in a car accident, (2) "continued pain" and "need for additional surgeries" due to a rod and pin inserted in his leg, (3) the fact that he has seven children "who need a father," and (4) the needs of his elderly father and grandmother for daily care. Notably, the defendant does not assert that immediate release is warranted based on any elevated risk to his health posed by the ongoing coronavirus pandemic. Because Gilbert has not shown that "extraordinary and compelling reasons warrant such a reduction," as section 3582(c)(1)(A)(i) requires, his motion to reduce his sentence will be denied.

I.

Gilbert pleaded guilty on one count of conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin and 28 grams or more of cocaine base. On September

17, 2018, Judge Cohn sentenced him to 103 months in prison. He did not appeal. Gilbert filed a motion to vacate his conviction and sentence in August 2019, which was denied by Judge Cohn on December 2, 2019. Gilbert reported to federal prison to begin serving his sentence in November 2018, and by the government's accounting he had served around 33 months of the custodial term when his motion for release was filed. He presently is confined at FCI McKean in Lewisville, Pennsylvania, which is a medium security facility that houses around 1,000 inmates. He is scheduled to be released on June 30, 2026. Gilbert is 27 years old.

On July 29, 2021, Gilbert filed through counsel a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. The government filed an opposition supported by exhibits including prison disciplinary and medical records.

II.

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Ibid.* "The request may come through a motion in federal court filed by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Or it may come through a motion filed by the inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier.'" *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Upon a proper motion via either avenue, the Court may, "[a]fter 'considering the factors set forth in section 3553(a) . . . reduce the prisoner's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction' or if the '[prisoner] is at least 70 years of age,' has

'served at least 30 years,' and meets certain other conditions." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). Gilbert relies on subparagraph (i) of the statute. Under that provision, the Court can order a reduction of a sentence, even to time served, by following a procedure that the court of appeals has distilled into three steps. *First*, consider whether "extraordinary and compelling reasons warrant such a reduction." *Second*, determine if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Third*, "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *United States v. Ruffin*, 978 F.3d 1000, 1004-06 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Sentencing Commission's policy statement to be considered under step two is found in U.S.S.G. § 1B1.13, which simply recites the statute. The commentary adds gloss, which does not have the force of law. *United States v. Havis*, 927 F.3d 382, 386 (6th Cir.), *reconsideration denied,* 929 F.3d 317 (6th Cir. 2019) (*en banc*) (holding that the "commentary has no independent legal force — it serves only to *interpret* the Guidelines' text, not to replace or modify it"). That has led the court of appeals in its evolving guidance on the subject to hold that district courts should dispense with step two when the motion for compassionate release comes from a prisoner and not the BOP. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) ("We now join the majority of district courts and the Second Circuit in holding that the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release.") (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)).

More recently, the court of appeals took the explanation a step further. In *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021), the court ascribed Congress's amendment of section 3582(c)(1) to the BOP's "rare[]" exercise of its power to move for sentence reductions, that "the program was plagued by mismanagement," and that "the BOP 'ha[d] no timeliness standards for

reviewing . . . requests.'" 984 F.3d at 518 (quoting *United States v. Brooker*, 976 F.3d 228, 231-32 (2d Cir. 2020)). It reaffirmed *Jones*'s holding "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Id.* at 519-20. It then held that "in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Ibid.* However, the defendant still must satisfy the other two requirements, and his "failure to meet any one of those criteria" will result in the denial of his motion. *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021).

A.

The government concedes that the request for release has been properly exhausted, so that threshold requirement for relief has been satisfied. The government contends, however, that the defendant cannot demonstrate extraordinary or compelling reasons justifying immediate release.

B.

Addressing the first element — extraordinary and compelling reasons — Gilbert argues that a variety of personal circumstances, which have their origins predating his incarceration, satisfy the statutory requirements that allow the Court to exercise discretion to shorten his sentence. First, the defendant argues that he should be released due to "ongoing pain" and a "need for further surgery" caused by orthopedic hardware implanted in his lower leg. However, the available medical records do not support a finding that any medically necessary measures to address the "ongoing pain" have been denied or that he has not been provided appropriate care for the complications of his leg and jaw injuries. With respect to his complaints of "ongoing pain," medical file notes from May through June 2021 indicate that on May 26, 2021, the defendant did

not report to the "pill line" to receive his medication; on June 15, 2021 he reported that he only was taking the prescribed mediation about one-third of the time; and, due to intermittent usage, the prescription then was discontinued. Medical Records dated May 26, 2021; June 15, 2021, ECF No. 808, PageID.8121, 8123. Relating to the orthopedic recommendation for surgery, notes from March 30, 2021 indicate that the defendant "[h]as been evaluated by Orthopedic Surgery and is a candidate for hardware removal," but that medical records relating to the prior surgery had not been received. *Id.* at PID 8128. Additional notes show that the surgical records were received and placed in the defendant's BOP medical file on April 8, 2021. The medical file does not disclose that any surgery has yet been scheduled or performed to remove the problematic leg screw.

The available medical records show that the defendant has been seen regularly for his pain complaints, and that he was prescribed medication, which he took intermittently. The prescription was discontinued after the defendant failed to take the medication regularly that was made available to him. Moreover, the notes indicate only that the defendant was assessed as a "candidate" for surgery to remove an implanted screw in his leg. There are no indications in the file supporting any conclusion that any medically essential surgical intervention was ordered and subsequently denied or unreasonably delayed by BOP medical staff.

This medical ground falls short of extraordinary and compelling. Compare this case with *United States v. Edwards*, No. 17-20716 (E.D. Mich.). There, in August 2020, at the height of the pandemic crisis, this Court ordered an inmate released for extraordinary and compelling medical circumstances that included an undisputed necessity for significant surgical intervention, which the BOP conceded it was unable to accommodate under restrictions imposed to combat the spread of the pandemic within its facilities. *See* Order Granting Mot. for Compassionate Release, *Edwards*, No. 17-20716 (Aug. 17, 2020), ECF No. 198, PageID.1532. No such compelling

showing has been made here, and the defendant has not established that he has been denied any medically essential care for his condition that could be obtained if he was released.

The mere fact that a defendant has ongoing pain due to a chronic condition generally has not been found to qualify as an extraordinary and compelling circumstance sufficient to justify compassionate release, and there is no assertion here that the defendant's pain has compromised his ability to care for himself while incarcerated. *See United States v. Rollness*, No. 06-041, 2021 WL 4476920, at *6 (W.D. Wash. Sept. 30, 2021) ("Although BOP records reflect that there is often a delay between defendant's request for medical services and treatment, the Court does not find that defendant's medical conditions substantially diminish his ability to provide self-care, nor do they otherwise amount to extraordinary and compelling circumstances."). The defendant has not cited any decision holding that suffering chronic pain that is not entirely alleviated by treatment rendered during incarceration can qualify as an extraordinary and compelling circumstance for compassionate release.

Second, the defendant argues that he should be released so that he can care for his elderly father and grandmother. Marcus Gilbert, Sr. attested in an affidavit that, although he has some physical limitations, he lives with his mother and cares for her daily, but he "still require[s] assistance" in doing so. Marcus Gilbert Sr. aff., ECF No. 801-2, PageID.8079. Gilbert Sr. reported that he is unable to bend over or stand for long periods of time, and he takes medications for his pain and muscle spasms. Ms. Ethel Anderson attested that Gilbert Sr. "cares for me the best he can," but that she "still require[s] additional assistance." Ethel Anderson aff., ECF No. 801-1, PageID.8076. She stated that due to her heart failure and because she is "very ill," she uses a walker. Both affiants stated that they are unable to drive. Both also stated, without elaboration, that they are "unable to perform simple everyday tasks." Each of the elder Gilberts also stated that

they receive Social Security benefits. Notably, the defendant's motion was not supported by any affidavits of any alternative caregivers such as the defendant's siblings explaining why they could not provide the "additional assistance" needed by either Ms. Anderson or Mr. Gilbert Sr. in their daily lives. Moreover, Ms. Anderson did not attest that she is entirely unable to care for herself, and she represented that she still is able to get around her home by using a walker. Gilbert Sr. positively attested that he does care for his mother daily, although he requires "some assistance" in doing so. Finally, both affiants attested that they receive Social Security benefits, and no information has been supplied to suggest that they cannot obtain appropriate health care or home care through public benefit programs for which they presumably qualify.

In similar circumstances, the Sixth Circuit and other circuits have held that extraordinary and compelling circumstances were not demonstrated. *United States v. Martin*, No. 20-6324, 2021 WL 2012561, at *2 (6th Cir. Mar. 30, 2021) ("Although Powell's emails detail the symptoms she is experiencing, she did not state that she is incapable of caring for herself or the children. The same is true of her medical records. His mother's latest treatment note reported that she was experiencing lingering neck pain and a limited range of motion from the car accident. However, she was able to ambulate independently and, as with Powell, there is no indication that she is unable to care for herself. The available record thus does not support Martin's claim that he is an essential caregiver."); *see also United States v. Lopez*, 846 F. App'x 733, 735 (10th Cir. 2021) ("Even if . . . caring for an incapacitated parent was an extraordinary reason, Lopez fails to demonstrate . . . that he is the only potential caregiver [since] [his] mom and sister are both available to help care for his father.") (quotations omitted); *United States v. Quintana*, No. 17-190, 2021 WL 4521150, at *6 (S.D. Ind. Oct. 1, 2021) ("Many inmates have aging and sick parents and

family members whom they might like to support. The desire to care for an elderly or ill parent, however, is not an extraordinary and compelling reason warranting a sentence reduction.").

Third, the defendant's contention that his release is essential so that he may provide care for his seven children is unsupported by any affidavit or otherwise helpful information in the record. The government represents that all of the children reside with their mothers, and the defendant has not rebutted that representation. This ground for release therefore is unsubstantiated by the record. The Sixth Circuit has held that the mere circumstance of parental obligations is not a sufficient ground for granting a downward departure at sentencing, and that principle applies with greater force here, after a final judgment of sentence has been entered, where the same concerns about parental absence certainly were apparent at the time of sentencing. *See United States v. Reed*, 264 F.3d 640, 654 (6th Cir. 2001) ("This court has generally not approved of downward departures for family responsibilities based on a parent's obligation to a child."); *see also United States v. McMurray*, No. 12-00360, 2021 WL 4473403, at *2 (D. Or. Sept. 29, 2021) ("[The defendant's] son has a safe and stable home and the Court finds that Defendant's wish to provide a home for his child does not warrant a reduction of his sentence.").

C.

Because the defendant has not demonstrated extraordinary and compelling reasons to reduce his sentence, the Court need not discuss the relevant section 3553(a) factors. *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021).

III.

Gilbert has exhausted his administrative remedies. However, he has not demonstrated that compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is justified.

- 9 -

Accordingly, it is **ORDERED** that the defendant's motion for compassionate release (ECF No. 801) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   November 2, 2021