UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARCUS GILBERT,

        Defendant.
_____/

Case Number 16-20414
Honorable David M. Lawson

## OPINION AND ORDER DENYING MOTION TO REDUCE SENTENCE

Marcus Gilbert was sentenced to 103 months in prison by the Honorable Avern Cohn on September 18, 2018 for his involvement in a drug trafficking conspiracy. He now seeks a reduction of his prison sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. He argues that the amendment will eliminate "status points" from his criminal history score, and that will result in a lower criminal history category than the one Judge Cohn applied, and a consequent reduction in his sentencing guideline range. The government disagrees that the elimination of the status points will reduce Gilbert's criminal history category or his sentencing guideline range and argues therefore that Gilbert is not eligible for a reduction. The Court agrees that Gilbert is not eligible for relief under the statute and will deny the motion to reduce the sentence.

I.

Gilbert pleaded guilty to conspiracy to possess and distribute 100 or more grams of heroin and 28 or more grams cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846 under a plea agreement with the government. The plea agreement, drafted in accordance with Federal Rule of Criminal Procedure 11(c)(1)(C), anticipated a sentencing guideline range of 87 to 108 months, and

the parties agreed that a specific sentence of 103 months imprisonment was appropriate. *See* ECF No. 412.

In the presentence report, the probation department calculated Gilbert's net offense level as 27, which the parties did not (and do not here) dispute. In the worksheets attached to the plea agreement, the parties listed convictions for receiving stolen property and possession of a controlled substance totaling four criminal history points, plus two points (the "status points") because Gilbert was under a criminal justice sentence when he committed the offence of conviction. His six criminal history points placed him in criminal history category III. That yielded a sentencing guideline range of 87 to 108 months. ECF 412-1, PageID.2051-52.

However, the probation department scored an additional criminal conviction for receiving stolen property that Gilbert earned as a juvenile. That additional criminal history point elevated Gilbert's criminal history category to VI and increased his sentencing guidelines range to 100 to 125 months. At the sentencing hearing held on August 30, 2018, Judge Cohn stated that he thought the probation department's calculation overstated the defendant's criminal history; that the "proper criminal history is" category III; and that the applicable sentencing range was 87 to 108 months. ECF No. 545, PageID.2589. The government agreed with the sentencing guideline calculation. *Id.* at PageID.2590. ("[W]e believe that the Court has accurately determined the guideline range in this case.").

Judge Cohn then called out a provision of the plea agreement, which he read as mandating a 103-month sentence, if the Court accepted the agreement. And Judge Cohn read his statements in the record as having "impliedly" accepted the agreement. *Id.* at PageID.2589. He believed that he should not have accepted the plea agreement without first seeing the presentence report, and he thought that the provision mandating a specific sentence was an "illegal" plea agreement provision.

He stated then that he "reserve[d] the right to sentence [Gilbert] between 87 and 108 months." *Ibid.*

The government's lawyer apparently took that comment to mean that the Court was rejecting the plea agreement, and he engaged the Court in a protracted argument during which he made several oral motions. He moved to withdraw from the plea agreement for the government, to set the case for trial, to adjourn the sentencing hearing, to find that the defendant breached the plea agreement, and to file briefs. *Id.* at PageID.2592-2600. His argument did not illuminate anything useful, and Judge Cohn denied all of the government's motions save the motion to adjourn the hearing.

The sentencing hearing resumed on September 18, 2018. On that occasion, Judge Cohn stated that "[u]nder the guidelines your Offense Level is 27, your Criminal History Category is IV. The sentencing range is 100 to 125 months." ECF No. 597, PageID.3168. The government's lawyer apparently retreated from his position that Judge Cohn had rejected the plea agreement; instead, he took the position that it was not his "view that the Court is bound to accept agreements if it believes that those agreements were accepted in error. The Government believes that the Court retains the power today to reject plea agreements if it believes that those plea agreements should be rejected." *Id.* at PageID.3172. Judge Cohn did not reject the plea agreement, observing that if he did, the defendant might be exposed to other charges that included a substantial mandatory minimum sentence. He then proceeded to sentence Gilbert to 103 months in prison, plus a term of supervised release. *Id.* at PageID.3173. The statement of reasons attached to the judgment and commitment listed a criminal history of III and a sentencing guideline range of 87 to 108 months.

However the sentencing guideline range was calculated in this case, there is no question that the defendant's criminal history score included two "status points." And the parties agree that

if Gilbert were sentenced today, those status points would not be included in the calculation of his criminal history score.  Gilbert argues that omitting those status points would make a difference because Judge Cohn excluded consideration of Gilbert's juvenile adjudication, which would bring his total score to three points and a corresponding criminal history of II.  The sentencing guideline range then would be 78 to 97 months.  The government responds that Judge Cohn did not formally depart from the criminal history score or rule on an objection; instead, he simply referenced that the criminal history was overstated as a justification for varying from the probation department's guideline scoring, which did not conform with the plea agreement.

II.

Last year, the United States Sentencing Commission promulgated Amendment 821, which changed the sentencing guidelines' criminal history scoring for offenses committed while under a criminal justice sentence.  Part A of Amendment 821, which now appears in the guidelines at section 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points.  *See* U.S.S.G. § 4A1.1(e).  The Amendment, which was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.  *See* § 1B1.10(e)(2) (Nov. 1, 2023).

When a defendant was sentenced to prison "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the defendant may move, and the Court may order, a reduction of the prison sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission's policy statement on this subject is found at U.S.S.G. § 1B1.10, and it

references the statute's authorization of sentence reductions based on retroactive changes to the Sentencing Guideline Manual. It also states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(2)(B).

Adjudicating a motion under section 3582(c)(2) requires application of a two-step approach. First, the Court must consider whether the defendant is eligible for relief under the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing § 3582(c)(2)). The defendant has the burden of establishing eligibility. *United States v. Petaway*, No. 16-3592, 2017 WL 6003432, at *1 (6th Cir. May 22, 2017) ("To be eligible for a reduction, a defendant must show that his sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission and that the reduction would be consistent with the Commission's applicable policy statements.") (citing *United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012)).

One requirement for eligibility is that the defendant's sentence must have been based on a sentencing guideline range that an amendment subsequently reduced. It appears that Gilbert's sentence was based on an agreement to peg the sentence at 103 months, which would have been required if Judge Cohn had accepted the plea agreement under Rule 11(c)(1)(C). Under that rule, the parties may "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." Fed. R. Crim. P. 11(c)(1)(C). And "such a recommendation or request binds the court once the court accepts the plea agreement." *Ibid.* A

fair reading of the record indicates that Judge Cohn believed that he had accepted the plea agreement and was bound therefore to sentence the defendant accordingly. It could be argued, then, that the sentence was based on the plea agreement, not on a sentencing guideline range that later was amended downward.

However, the discussions in the record at the first sentencing hearing suggest that the 103-month agreed sentence was the product of the parties' estimate of the applicable sentencing guideline range that was adjusted by other considerations, such as giving Gilbert credit for time spent detained before trial that otherwise would not be credited to him by the Bureau of Prisons. ECF No. 545, PageID.2597-98. The sentencing guideline range, therefore, was part of the framework for the negotiated plea agreement, and therefore the sentence was "based on" the sentencing guideline range. *Hughes v. United States*, 584 U.S. 675, 685 (2018) (holding that "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement").

Another requirement for eligibility is that the "guidelines amendment must have the effect of lowering the defendant's applicable guideline range." *United States v. Cook*, 870 F.3d 464, 467 (6th Cir. 2017) (quoting *United States v. Hameed*, 614 F.3d 259, 269 (6th Cir. 2010); U.S.S.G. § 1B1.10(a)(2)(B)) (cleaned up). That determination calls for a comparison of the original applicable guideline range with the new range that results from applying the retroactive amendments. U.S.S.G. § 1B1.10(b)(2)(B). When calculating the new range, "the court shall substitute only the [new retroactive] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*

The parties disagree on how this instruction is to be applied. Gilbert believes that the starting point is the guideline range Judge Cohn calculated after he departed or varied downward because he found that Gilbert's criminal history was overstated. But that interpretation collides with Sixth Circuit precedent. In *United States v. Pembrook*, the court held that "the term 'applicable guideline range' in U.S.S.G. § 1B1.10 refers to a defendant's pre-departure guideline range." 609 F.3d 381, 384 (6th Cir. 2010). Referencing subsection (b)(2)(B), the court stated that "[t]his provision specifically refers to the defendant's applicable guideline range as the guideline range that applied before the sentencing court decided to depart or vary downward." *Id.* at 384-85.

The probation department determined that Gilbert's sentencing guideline range was 100 to 125 months after it scored the juvenile adjudication, which brought the total criminal history points to seven and the criminal history category to IV. That was Gilbert's "applicable guideline range." Judge Cohn varied (or departed) downward by not including the juvenile adjudication in the criminal history score, reducing it to six points and category III and the corresponding sentencing guideline range to 87 to 108 months. The defendant does not argue that the juvenile adjudication was scored improperly. It wasn't. *See* U.S.S.G. § 4A1.2(d). Eliminating the status points from the criminal history score still leaves Gilbert with four points, which puts him in Category III and yields the same sentencing guideline range that Judge Cohn found applicable: 81 to 108 months.

Because Amendment 821 did not "have the effect of lowering the defendant's applicable guideline range," Gilbert is not eligible for relief from his prison sentence under 18 U.S.C. § 3582(c)(2).

### III.

The defendant is not eligible for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).

- 8 -

Accordingly, it is **ORDERED** that the defendant's motion for a sentence reduction under Sentencing Guideline Amendment 821 (ECF No. 915) is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   May 15, 2024