UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                          Case Number 16-20414

v.                                                  Honorable David M. Lawson

MARCUS GILBERT,

                    Defendant.

_____/

**OPINION AND ORDER DENYING MOTION TO REDUCE SENTENCE
(AFTER REMAND) AND DENYING MOTION FOR EXPEDITED CONSIDERATION**

Marcus Gilbert was sentenced to 103 months in prison by the Honorable Avern Cohn on September 18, 2018 for his involvement in a drug trafficking conspiracy.  He filed a motion to reduce his prison sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, arguing that the amendment would eliminate "status points" from his criminal history score, and that would result in a lower criminal history category than the one Judge Cohn applied, and a consequent reduction in his sentencing guideline range.  The Court determined that eliminating the status points from the criminal history score would leave Gilbert in Criminal History Category III and yield the same sentencing guideline range that Judge Cohn found applicable: 87 to 108 months.  Although the Court agreed that Amendment 821 did eliminate the status points from Gilbert's criminal history, the Court still found that he was not eligible for a sentence reduction because overall the amendment did "not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(2)(B).

The court of appeals disagreed.  It determined that the relevant guideline range for comparison purposes was the range calculated before any departure, which in this case was 100 to 125 months.  Judge Cohn varied or departed downward because he found that the defendant's

criminal history was overstated and reduced his criminal history score from VI to III.  With an

offense level of 27, that yielded a new guideline range of 87 to 108 months.  And although that is

the range used by Judge Cohn to calculate the sentence, it still was lower than the original pre-

departure range, and therefore Gilbert is eligible for a sentencing reduction under section

3582(c)(2).  The court of appeals vacated this Court's order denying the motion to reduce the

sentence and remanded for further consideration of the discretionary sentencing factors.  The

parties have filed supplemental briefs, and the matter is ready for decision without oral argument.

E.D. Mich. LR 7.1(f)(2).

I.

The court of appeals summarized the pertinent background as follows:

In 2018, Gilbert pleaded guilty to conspiring to distribute and to possess with intent to distribute a controlled substance.  Gilbert's plea agreement stated that the parties agreed that Gilbert's "guideline range is 87-108 months" of imprisonment and that a sentence of 103 months of imprisonment was "appropriate."  However, it also stated that "[t]he Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range."  A worksheet attached to the plea agreement credited Gilbert with six criminal-history points — four points based on his prior convictions and two "status points" that were added because he committed his instant offense "while under a[] criminal justice sentence" — and placed him in criminal-history category III.  The worksheet listed Gilbert's total offense level as 27, which would combine with criminal-history category III to yield a guidelines sentencing range of 87 to 108 months of imprisonment.

The presentence report (PSR) calculated Gilbert's criminal history differently, crediting him with five criminal-history points based on his prior convictions and then adding the two status points, for a total of seven criminal-history points.  There are two specific differences between the criminal-history calculations: first, the plea-agreement worksheet awarded one criminal-history point for a 2015 drug-possession offense, but the PSR awarded no criminal-history points for that conviction.  Second, the PSR awarded two criminal-history points for an offense that Gilbert committed when he was 16 — an offense that was not included in the plea-agreement worksheet.  Based on the PSR calculations, Gilbert's seven criminal-history points placed him in criminal-history category IV, which combined with his offense level of 27 to yield a guidelines imprisonment range of 100 to 125 months of imprisonment.

*United States v. Gilbert*, No. 24-1453, 2025 WL 252848, at *1 (6th Cir. Jan. 16, 2025). This Court

denied the defendant's motion for a sentence reduction, after concluding that the defendant was

ineligible because he was not sentenced based on a guideline range that subsequently was lowered.

The court of appeals, however, found that the amendment did lower the applicable guideline range,

and that the defendant therefore was eligible for a discretionary reduction:

> Because Gilbert's prior convictions alone result in less than seven criminal-history
> points, Gilbert would receive no criminal-history status points if he were sentenced
> after Amendment 821 took effect. See USSG Amend. 821, Pt. A; USSG § 4Al.l(e)
> (2024). That means he would have five total criminal-history points, placing him
> in criminal-history category III, and resulting in a guidelines range of 87 to 108
> months of imprisonment. See USSG Ch. 5, Pt. A (Sentencing Table). Although that
> is the guidelines range under which he was sentenced, it is still lower than the
> "applicable guideline range" at the time of sentencing, rendering him eligible for a
> reduction.

*Id.* at *3. The parties agree that the defendant now is eligible for a discretionary reduction to a

term of imprisonment as low as 87 months. The case is before the Court for a sentencing

determination following remand, and at the Court's direction the parties have filed supplemental

briefs addressing the discretionary factors under 18 U.S.C. § 3553(a).

II.

"District courts generally may not reconsider a sentence after they have imposed it."

*United States v. Thomas*, No. 24-3421, 2024 WL 5055405, at *1 (6th Cir. Dec. 10, 2024) (citing

18 U.S.C. § 3582(c); *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). "But Congress

has created a few exceptions to this rule. As relevant here, a district court may reduce a sentence

if the Sentencing Commission later lowers the defendant's 'sentencing range' and if the reduction

would comport with the sentencing 'factors' in 18 U.S.C. § 3553(a) and the 'policy statements'

that the Commission has issued." *Ibid.* (citing 18 U.S.C. § 3582(c)(2)). "The applicable policy

statement identifies the specific guidelines amendments (including Amendment 821) that allow

defendants to seek reduced sentences." *Ibid.* (citing USSG § 1B1.10(d)). "The Supreme Court

has told district courts to review motions for a reduced sentence under § 3582(c)(2) in two steps — one legal and one discretionary." *Ibid.* (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010); *United States v. Goodwin*, 87 F.4th 321, 326 (6th Cir. 2023)).  "Courts should first ask whether a defendant meets the legal requirements for a reduced sentence under § 1B1.10.  If so, courts should then ask whether the § 3553(a) factors justify a reduced sentence.  At this second step, the statute gives district courts substantial discretion to decide whether to reduce a sentence." *Ibid.*

When exercising discretion to determine if a reduced sentence is appropriate for a First-Step-Act-eligible defendant, the Court may not focus exclusively on the Sentencing Guideline range.  Instead, it must consider whether "the length of [the defendants'] sentence[s] conforms with the sentencing goals set forth in 18 U.S.C. § 3553(a)" and determine whether "the § 3553(a) factors supported the sentence[s] imposed." *United States v. Sherrill*, 972 F.3d 752, 768 (6th Cir. 2020) (quoting *United States v. Perez-Rodriguez*, 960 F.3d 748, 753 (6th Cir. 2020)); *see also United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020) (holding that the courts must undertake a "thorough renewed consideration of the § 3553(a) factors" for eligible defendants).  Although the Court is not "require[d]" to reduce the defendants' sentences, *United States v. Maxwell*, 991 F.3d 685, 691 (6th Cir. 2021), it must give "'adequate consideration to [the § 3553(a) factors]'"; it cannot give undue weight to certain factors and too little weight to others, *United States v. Johnson*, 26 F.4th 726, 736 (6th Cir. 2022) (quoting *Holguin-Hernandez v. United States*, 589 U.S. 169, 173 (2020)).  The court of appeals has held that the Court's "initial balancing of the § 3553(a) factors during [the defendant's] sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).  When considering and balancing the section 3553(a) factors, "evidence of postsentencing rehabilitation may plainly be relevant to 'the history and characteristics of the

defendant.'" *Pepper v. United States*, 562 U.S. 476, 491 (2011) (quoting 18 U.S.C. § 3553(a)(1)). And as the Supreme Court has explained, district courts must consider "intervening changes of . . . fact" when "exercising their discretion to reduce a sentence pursuant to the First Step Act." *Concepcion v. United States*, 597 U.S. 481, 500 (2022).

The defendant argues that the Court should grant a sentence reduction to time served, which he says would represent a term with credit for good time and potential halfway house placement that would equal or exceed 87 months. He says that a discretionary reduction is warranted because (1) he has participated effectively in rehabilitative programming while in custody including completing a GED and taking other courses in electrical trade skills, legal research, and reentry preparation, (2) although he acknowledges some disciplinary infractions, he says that only one of the incidents (possession of a contraband cell phone) was within recent years, and the rest occurred in or before 2021, (3) the significant time already served is sufficient to achieve general and specific deterrence, and (4) the defendant has the support of family members, and his elderly relatives would benefit from his presence in the community to provide them with support and aid with the burdens of everyday life.

The government responds that a discretionary reduction should be denied because (1) the defendant's prison disciplinary history includes infractions for (a) fighting and refusing to obey orders, drug possession, and refusing a drug or alcohol test (all in October through December 2020), (b) falsifying a statement and disruptive conduct (in May 2021), (c) again refusing a direct order (August 2021), and (d) possessing a prohibited cell phone (designated as a "hazardous tool" under applicable BOP regulations), in January 2025. The government contends that this history of disorderly and dangerous conduct reinforces the conclusion that the defendant is unable to conform his conduct to the strictures of a free society, and that his history of rehabilitative efforts

is no more than what is expected from a typical prisoner, and does not suffice to outweigh the factors that Judge Cohn found to weigh in favor of a 103-month prison term at sentencing, in conjunction with a persistent history of disruptive and dangerous conduct in custody.

The defendant's eligibility for a discretionary reduction is settled, and the Court has discretion to reduce the sentence of imprisonment to a term as low as 87 months. The defendant's argument for a discretionary reduction focuses on his efforts at post-sentencing rehabilitation, and he attempts to downplay his disciplinary history as remote, consisting of several admittedly troubling offenses in 2020-2021, and only one recent infraction for possessing a cell phone. However, "rehabilitation alone does not provide a proper basis for relief [on a motion for discretionary resentencing], and the rehabilitation efforts documented [here are] not so out-of-the-ordinary" as to justify sentencing relief. *United States v. Wilson*, No. 20-6047, 2020 WL 8872371, at *2 (6th Cir. Dec. 30, 2020) (denying relief where defendant had presented prison records substantiating his custodial "work assignment, education history, and lack of incident reports"). Moreover, despite the defendant's attempts to downplay his disciplinary history, prison records do indicate that he was involved in several troubling incidents, some involving fighting, and several, including one in January 2025, involving possession of contraband. Those incidents are not reassuring of the defendant's prospects for lawful behavior after release from prison, and other courts have found that a history of custodial incidents with some involving violence weighs against the defendant in the balance of the discretionary factors. *E.g.*, *United States v. Sims*, No. 18-00005, 2025 WL 1143263, at *2 (E.D. Tenn. Apr. 17, 2025) ("Although Defendant is eligible for a lesser sentence, his post-sentencing conduct weighs against a sentence reduction. While incarcerated, Defendant has incurred twenty disciplinary sanctions on nineteen different occasions. Three of his infractions involved threatening bodily harm, three involved fighting, and one involved possession

of a deadly weapon. To his credit, Defendant has completed 250 hours of educational programming. However, given Defendant's repeated infractions, several of which involved violence, the Court finds that a lesser sentence would not promote respect for the law or afford adequate deterrence to criminal conduct.").

The defendant has not suggested any grounds for reassessment of other 3553(a) factors such as the need to protect the public and to provide general and specific deterrence of the defendant's criminal conduct, and Judge Cohn's initial balancing of those factors is presumed to have continuing validity.  *Sherwood*, 986 F.3d at 954.  In the absence of other grounds for exercising its discretion to reduce the sentence, the presentation of a modest record of successful rehabilitation is not enough standing alone to warrant an upset of the original sentencing decision.

III.

Although eligible, the defendant has not demonstrated that a reduction of his sentence under 18 U.S.C. § 3582(c)(2) is warranted after consideration of the factors set out in 18 U.S.C. § 3553(a). The defendant also filed amotion for expedited consideration of his motion after remand, which is rendered moot by this opinion.

Accordingly, it is **ORDERED** that the defendant's motion for a sentence reduction under Sentencing Guideline Amendment 821 (ECF No. 915) is **DENIED**.

It is further **ORDERD** that the defendant's motion for expedited consideration (ECF No. 988) is **DENIED as moot**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   August 4, 2025